IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TENISHA JAMES and NATASHA JARVIS, | : | CIVIL ACTION NO. |
| *Plaintiff* | : | JURY TRIAL REQUESTED |
| vs. | : | |
| METLIFE GROUP, INC., | : | AUGUST 5, 2020 |
| *Defendant* | : | |

# COMPLAINT

### I. JURISDICTION AND VENUE:

1. This Court has original subject matter jurisdiction over this Action 29 USC § 207(a)(a), the Fair Labor Standards Act ("FLSA").

2. Venue in the District of Connecticut is proper because the acts or admissions giving rise to this Action occurred within this District.

### II. PARTIES:

3. At all times set forth herein, plaintiff Tenisha James ("Plaintiff James") was a resident of Waterbury, Connecticut.

4. At all times set forth herein, plaintiff Natasha Jarvis ("Plaintiff Jarvis") was a resident of East Hartford, Connecticut.

5. At all times set forth herein, the defendant, Metlife Group, Inc. ("the Defendant"), was a New York corporation. The Defendant operates an insurance and financial services business throughout the United States, including within the State of Connecticut.

### III. FACTUAL ALLEGATIONS:

6. In or about April of 2020, Plaintiff James and Plaintiff Jarvis (collectively "Plaintiffs") began working for the Defendant in the position of Senior Customer Service Representative ("SCSR").

7. Plaintiffs performed this position for the Defendant through a "temp agency," Apple 1, which, through an arrangement with Defendant, was Plaintiffs' nominal employer and responsible to pay their wages for work they performed for Defendant.

8. The SCSR position was one that the Plaintiffs performed remotely from their homes by logging into the Defendant's computer system from their home computers.

9. Plaintiffs' SCSR position was a non-exempt, hourly position for which, pursuant to the FLSA, Plaintiffs were entitled to be paid an hourly rate of pay for all of the hours that they worked, and overtime rate of pay for any hours they worked in excess of 40 hours per week.

10. Prior to starting their work assignment with the Defendant, Plaintiffs attended an orientation wherein the Defendant explained Plaintiffs' job duties to them and instructed Plaintiffs on the Defendants' company policies and rules.

11. During the orientation, Defendant explained that the SCSR position was an hourly position and that Plaintiffs' hours would be Monday through Friday, from 8:00 am to 4:30 pm each day with a half-hour break for lunch.

12. Defendant further explained that the SCSR position was expected to only require 40 hours of work per week and that employees should not perform overtime work in excess of 40 hours per week without approval from their supervisor.

13. Plaintiffs thereafter began to work as SCSR's and were assigned to work under the supervision of Elizabeth Gurekovich ("Gurekovich").

14. Gurekovich assigned Plaintiffs to process at least 8 to 10 insurance claims per day.

15. Gurekovich required Plaintiffs to complete all of the claims they were assigned each day.

16. Furthermore, Gurekovich required that once Plaintiffs began processing a particular claim that they fully complete the claim before discontinuing work that day.

17. Notwithstanding Defendant's 40-hours-per-week policy, as a result of the number of claims Plaintiffs were assigned by Gurekovich, and as a result of Gurekovich's requirement that Plaintiffs complete a claim in-full once they began working on it, there were occasions where the Plaintiffs were required to work past 4:30 pm to complete their assigned claims, thereby causing them to exceed 40 hours of work per week.

18. Despite this, Gurekovich required Plaintiffs to submit timesheets omitting any work they performed past 4:30 pm and showing that they had only worked from 8:00 am to 4:30 pm each day, for a total of 40 hours each week.

19. When Plaintiffs requested to Gurekovich to be paid for the time they worked in excess of 40 hours per week, Gurekovich told Plaintiffs she would not approve them for any time over 40 hours because she expected them to be able to complete the work she'd assigned them within 40 hours.

20. On June 24, 2020, the Plaintiff called their contact with Apple 1, Britney Harris ("Harris"), and expressed their concern that they were being required to work more than 40 hours per week but were not being paid at all for that time.

21. Harris conveyed to Plaintiffs that as hourly employees they were entitled to be paid at an overtime rate for all hours they worked in excess of 40 hours per week.

22. Harris also asked Plaintiffs to provide proof that they were working past 4:30 pm.

23. Plaintiffs complied with this request and forwarded Harris emails and other documents demonstrating work they had performed after 4:30 pm.

24. Harris advised Plaintiffs that she would speak with Defendant on their behalf and make clear that Plaintiffs must be paid for all house that they worked.

25. Harris also instructed Plaintiffs to submit time sheets going forward that showed any overtime hours they worked and that they would be appropriately paid for that time.

26. Accordingly, on Friday, June 26, 2020, Plaintiffs submitted time sheets for that week demonstrating the overtime hours in excess of 40 hours per week that they'd worked.

27. At 8:00 am on the following Monday, June 29, 2020, the Plaintiffs logged in to Defendants' computer system and began their regular work day.

28. Later that day, at around 12:00 pm, Plaintiffs each received a phone call from Harris informing them that Defendant had terminated their services and that their work assignment with the Defendant was ended immediately.

**FIRST COUNT:**    **RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 215** *et seq.* **(TENISHA JAMES)**

1. Plaintiff James repeats and re-alleges Paragraphs 1 through 28 above as Paragraphs 1 through 28 of this First Count, as if fully set forth herein.

29. The Defendant retaliated against the Plaintiff and terminated Plaintiff in response to and because of her complaints that she was not being paid for all of the hours she worked or for overtime wages, in violation of the FLSA.

30. As a result of Defendant's conduct, Plaintiff was caused to suffer lost wages and other consequential losses and damages.

31. As a further result of the Defendant's conduct, Plaintiff has expended, or will expend, attorney's fees and costs.

32. Pursuant to 29 USC § 216(b), Plaintiff is entitled to double damages for Defendant's violation of her rights under the FLSA.

**SECOND COUNT:   RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 215 *et seq*. (NATASHA JARVIS)**

1. Plaintiff Jarvis repeats and re-alleges Paragraphs 1 through 28 above as Paragraphs 1 through 28 of this Second Count, as if fully set forth herein.

29. The Defendant retaliated against the Plaintiff and terminated Plaintiff in response to and because of her complaints that she was not being paid for all of the hours she worked or for overtime wages, in violation of the FLSA.

30. As a result of Defendant's conduct, Plaintiff was caused to suffer lost wages and other consequential losses and damages.

31. As a further result of the Defendant's conduct, Plaintiff has expended, or will expend, attorney's fees and costs.

32. Pursuant to 29 USC § 216(b), Plaintiff is entitled to double damages for Defendant's violation of her rights under the FLSA.

**WHEREFORE**, Plaintiff herby requests a trial by jury and prays for the following relief:

1. Money Damages for lost wages and employment benefits;

2. Reinstatement or Front Pay in lieu thereof;

3. Reasonable attorneys' fees;

4. Interest;

5. Liquidated Damages pursuant to 29 USC § 216(b);

6. Costs of this Action; and

7. All other awardable relief.

> THE PLAINTIFFS,
> TENISHA JAMES and
> NATASHA JARVIS
>
> BY: _____
> Michael J. Reilly (ct28651)
> CICCHIELLO & CICCHIELLO, LLP
> 364 Franklin Avenue
> Hartford, CT 06114
> Phone:  860-296-3457
> Fax:  860-296-0676
> Email:  mreilly@cicchielloesq.com